UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────────── X

VERNETTA R. GARVIN,

                Plaintiff,              **MEMORANDUM AND ORDER**

      -against-                           05-CV-2760 (NGG)

BANK OF NEW YORK, as Trustee, under the
Pooling and Servicing Agreement Dated as of
November 30, 1994, Series 1994-D;
WACHOVIA BANK; HOME EQ. SERVICING
CORPORATION; ROSICKI, ROSICKI AND
ASSOCIATES; JOHN DOE OR JANE DOE,

                Defendants.
─────────────────────────────────────────────── X

GARAUFIS, United States District Judge:

      On June 8, 2005, plaintiff, appearing *pro se*, filed a Complaint, an Order to Show Cause, a Memorandum of Law to Support Order to Show Cause for Preliminary Injunction and Temporary Restraining ("Mem."), and a Motion for Emergency Injunctive Relief ("Mot."). Plaintiff seeks to stop defendants' foreclosure sale of property located at 160 Putnam Avenue in Brooklyn (the "property") scheduled to occur on June 30, 2005. Mot. at 1. In addition, plaintiff seeks $500,000 in damages. Compl. at 2. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but denies plaintiff's request for a preliminary injunction and a temporary restraining order and dismisses the complaint for the reasons set forth below.

## BACKGROUND

      The property is the subject of a foreclosure action currently pending in Supreme Court, Kings County. See The Bank of New York v. Garvin, Index No. 11308/2001 (N.Y.). On May 4,

2004, plaintiff moved the Supreme Court to dismiss the Order of Judgment of Foreclosure Sale dated December 11, 2001, and on September 8, 2004, the Supreme Court granted plaintiff's motion. Id., slip op. at 1-2 (N.Y. Sept. 8, 2004). In December 2004, the Bank of New York, through its attorneys, Rosicki, Rosicki & Associates, P.C., moved to reinstate the Judgment of Foreclosure and Sale, and on March 21, 2005, the Supreme Court vacated its order dated September 8, 2004 and reinstated the Judgment of Foreclosure and Sale. Compl. at 2-3; The Bank of New York v. Garvin, slip op. at 2 (N.Y. Mar. 21, 2005).

On May 25, 2005, at a hearing before the Honorable Lawrence Knipel, Justice of the Supreme Court, plaintiff moved to vacate the Supreme Court's March 21, 2005 order, and counsel for the Bank of New York argued:

> This matter has been seriously litigated. There is a fourth appeal that is currently pending. This is the third order to show cause ... We argued the same matter in this action that Ms. Garvin is referring to.
>
> [The Bank of New York] was never served with [Ms. Garvin's May 4, 2004] motion. However, the court proceeded forward and granted a default judgment against [the Bank of New York]. But later, it was reversed when it was realized that [the Bank of New York] was never served; that was the reason for the default. There is a meritorious defense for [the Bank of New York] defaulting in [Ms. Garvin]'s motion ...

May 25, 2005 Trial Transcript ("Tr."), attached to Mot., at 3. Justice Knipel then interrupted the Bank of New York's counsel, saying: "I thought I decided this already. We had the same arguments last time this was on. Motion denied." Id. After plaintiff pressed the Justice for a reason for the denial of her motion, he responded: "I decided this exact same thing on the last date we were here. You go to the Appellate Division, on Monroe Place, a couple blocks away." Id. at 4.

Plaintiff alleges that the "instant case arises out of an egregious and flagrant state court violation that obliterated [her] due process and civil rights," when Justice Knipel "knowingly issu[ed] an illegitimate second order reinstating the judgment of foreclosure and sale, without the knowledge or notice to [plaintiff]." "Affidavit of the Merits," attached to Mot., ¶¶ 2-3. Plaintiff alleges: "ex-parte discussions behind scenes ... have severely damaged my constitutional right to due process as well as my civil rights to equal protection. State proceedings have been surreptitious and have cause[d] great harm and pain." Mem. at 2. Plaintiff further alleges that if the foreclosure sale is allowed to proceed, she "will be subjected to an unjust and deprave indifference to property rights; my right as an American citizen under the 14th Amendment and a contributor [sic] the community Will be obliterated." Id.

## DISCUSSION

A.   Standard of Review

In reviewing plaintiff's motion and complaint, the Court is mindful that because plaintiff is proceeding *pro se*, her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.

3

1994)). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) (citations omitted).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action shall be dismissed under § 1915 when "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quotation and citations omitted).

B.  Rooker-Feldman

To the extent plaintiff seeks to overturn the decisions of the Supreme Court, the Rooker-Feldman doctrine clearly precludes this Court from exercising jurisdiction in this matter. Under the Rooker-Feldman doctrine—Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)—a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.[1] As the Supreme Court recently held, the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517,

---

[1] The United States Supreme Court is the only Court that may review a state court's judicial decisions. 28 U.S.C. § 1257(a).

1521-22 (2005).

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge Justice Knipel's decisions in the foreclosure action, this court lacks jurisdiction to hear this action. See Storck v. Suffolk County Dep't of Soc. Servs., 62 F. Supp. 2d 927, 938 (E.D.N.Y. 1999) ("an attempt to appeal the state court's decision ... would clearly be barred by the Rooker-Feldman doctrine"); Thaler v. Casella, 960 F. Supp. 691, 697-98 (S.D.N.Y. 1997) (Rooker-Feldman "requires that an aggrieved state court litigant must pursue his claims directly in the state appellate courts and ultimately to the United States Supreme Court."). As Justice Knipel instructed plaintiff at the hearing on May 25, 2005, if she wishes to challenge his decisions, she may do so in the Appellate Division. See Tr. at 4. Furthermore, plaintiff's challenge to the constitutionality of the state court foreclosure proceedings is similarly barred by Rooker-Feldman. See Sanchez-Preston v. Judge Luria, No. CV-96-2440 (CPS), 1996 WL 738140, at *3 (E.D.N.Y. Dec. 17, 1996) (federal courts do not have jurisdiction over challenges to state court decisions arising out of judicial proceedings, "even if those challenges alleged that the state court actions [themselves] were unconstitutional") (quoting Feldman, 460 U.S. at 486).

Since Rooker-Feldman prohibits this Court from granting plaintiff the relief she seeks, the complaint must be dismissed. Likewise, plaintiff's motion for a preliminary injunction and a temporary restraining order must be dismissed for lack of subject matter jurisdiction.

This result is in accord with the outcome of other, similar cases decided by district courts in this Circuit. In both Smith v. Weinberger, 994 F. Supp. 418 (E.D.N.Y. 1998) and Drew v. Chase Manhattan Bank, N.A., No. 95 Civ. 3133 (JGK), 1998 WL 430549 (S.D.N.Y. July 30, 1998), plaintiffs "alleged that defendant had obtained a state court foreclosure judgment through

5

the use of 'usury and fraud.'" Drew, 1998 WL 430549, at *6 (quoting Smith, 994 F. Supp. at 424). In both cases, the courts recognized plaintiff's lawsuit as an "effort to invalidate [a] State Court foreclosure judgment," id., and held that the Rooker-Feldman doctrine dictated that the actions be dismissed for lack of subject matter jurisdiction. Similarly, in Rene v. Citibank, N.A., 32 F. Supp. 2d at 543, this Court held that it was without jurisdiction to hear a case in which plaintiff's claims "implicate[d] the propriety of [a] ... state court judgment of foreclosure and eviction." In addition, in Levitin v. Homburger, 932 F. Supp. 508 (S.D.N.Y. 1996), the court held that it lacked jurisdiction to decide the plaintiff's claim that defendant had obtained a foreclosure judgment from state court by fraud.

Even absent the Rooker-Feldman doctrine, plaintiff's complaint would be dismissed for failure to state a claim on which relief may be granted.

C.   Section 1983

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). The defendants in the instant action are not state actors, and therefore plaintiff's complaint against these defendants fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's complaint as well as her request for preliminary injunctive relief are dismissed as the Court lacks subject matter jurisdiction over this matter. Fed. R. Civ. P. 12(h)(3). In the alternative, plaintiff's complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 9, 2005      /s/ Nicholas G. Garaufis
      Brooklyn, N.Y.      Nicholas G. Garaufis
      United States District Judge